O’NIELL, J.
On the petition of three of his sons, the defendant was adjudged insane, and he has appealed from the judgment of interdiction.
The interdict is nearly 82 years of age, and is afflicted with senile dementia. This infirmity rendered him incapable of managing his estate and his business affairs during the 2 years preceding the filing of this suit. He owns about 2,500 acres of land which is devoted principally to cattle ranges and partly to farming. His entire estate amounts to about $100,000. In 1912 he gave a very general power of attorney to one of his sons to manage his business. Although the evidence *825 does not establish that the unfavorable criticism of the agent’s management is entirely well founded, there is great dissatisfaction among the other members of the family, who .are demanding an accounting; and there is no one to whom this agent can legally account or be made to account, except a curator.
The defendant’s counsel contended in the district court, and are still urging with great earnestness, that senile dementia is not insanity. The various authorities on medical-jurisprudence define “senile dementia” as one of the forms of insanity. It is characterized by a mental weakness and inability to reason, a state of enfeeblement of the brain, which comes to those whose other vital organs have served them to a very old age. It may be regarded as a venerable form of insanity, but it is insanity nevertheless.
Article 389 of the Civil Code provides that no person above the age of majority who is subject to an habitual state of imbecility, insanity, or madness shall be allowed to take care of his own person and administer his estate. And article 422 provides that not only lunatics and idiots are liable to be interdicted, but likewise all persons who, owing to any infirmity, are incapable of taking care •of their persons and administering their estates.
The defendant is incapable of taking care of his person or of administering his estate, and there is good cause for his interdiction.
The judgment appealed from is affirmed.